SAMUEL F. KNAPP, Appellant, *v.* ULRICH SIMON, Impleaded, etc., Respondent.

Plaintiff purchased of C. a quantity of wheat for the firm of C. A. S. & Co. C. recovered a judgment against plaintiff for a balance of the purchase-price unpaid on the ground that his agency was not disclosed, which judgment plaintiff paid. In an action against the members of said firm to recover back the money so paid, it appeared that before he sued plaintiff, C. brought suit against defendants; that plaintiff also sued defendants for all of the wheat he had purchased for them. Plaintiff's evidence herein was to the effect that his suit was compromised and settled, defendants agreeing to pay the claim of C. Defendant S., who alone was served with process and appeared, gave evidence to the effect that plaintiff went with and introduced him to C., saying that S. wanted to settle his portion, and was present when C. executed a release discharging S. from liability. All of this evidence plaintiff denied. Plaintiff's counsel asked the court to submit the disputed question of fact to the jury; this the court refused, holding that, assuming plaintiff was not present when the release was executed, there was no cause of action and directed a verdict for defendants. *Held,* error; that if plaintiff did not give his assent to or acquiesce in the release, it did not discharge S. from liability to him.

Also, *held,* that the failure of plaintiff to notify defendants of the suit against him did not affect their liability.

(Argued June 20, 1881; decided October 11, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 10, 1880, affirming a judgment in favor of defendants entered upon a verdict.

· The nature of the action and the material facts are stated in the opinion.

*D. M. Porter* for appellant. By the assumption and agreement to pay the debt of plaintiff to Cobb at the time of the settlement between plaintiff and defendants, as between himself and defendants, he became the surety and defendants the principals, although as to Cobb plaintiff remained a principal, because Cobb was not a party to this arrangement. (*Neass* v. *Mercer*, 15 Barb. 318; *Bradshaw* v. *Beard*, 12 C. B. [N. S.]

344; *Doty* v. *Wilson*, 14 Johns. 378; *Van Santen* v. *The Standard Oil Co.*, 87 N. Y. 171; *Exall* v. *Partridge*, 8 T. R. 308; *Bailey* v. *Bussing*, 28 Conn. 455; *Holmes* v. *Weed*, 19 Barb. 128; *S. C.*, 24 id. 546; *Williams* v. *Shelly*, 37 N. Y. 375; *Waddington* v. *Vrendenbergh*, 2 Johns. Cas. 227; *Morgan* v. *Smith*, 70 N. Y. 537.) The plaintiff and defendants (because of the plaintiff's failure to disclose to Cobb who were his principals) were both liable to Cobb. (*Nason* v. *Cockroft*, 3 Duer, 366; *Coleman* v. *Bank of Elmira*, 53 N. Y. 394; *Cobb* v. *Knapp*, 71 id. 348; 10 J. & S. 99; Story on Agency, §§ 266, 267; *Meeker* v. *Claghorn*, 44 N. Y. 349; *Pres., etc., of M. & F. Bk.* v. *Capron*, 15 Johns. 467, 468, 469*, note *a; Hosack's Ex'rs* v. *Rogers*, 25 Wend. 313, 344; *Hubbell* v. *Carpenter*, 1 Seld. 171, 173, 174; *Lee* v. *Clark*, 1 Hill, 56; *Dubois* v. *Hermance*, 56 N. Y. 673; *Elwood* v. *Diefendorf*, 5 Barb. 398, 410; *Stover* v. *Flack*, 30 N. Y. 64.) A surety will not be discharged by a release if the contract reserves all the rights of the creditor against the surety, for, in that case, the surety may pay immediately, and forthwith proceed against the principal even though the creditor accept a composition. (*Ex parte Glendenning*, 1 Buck. 517; *Smith* v. *Winter*, 4 Mees. & Wels. 454; *Boultbee* v. *Stubbs*, 18 Ves. 20; *Kearsley* v. *Cole*, 16 Mees. & Wels. 128; *Owen* v. *Homen*, 3 Eng. L. & Eq. 125; *Ex parte Gifford*, 6 Ves. 808; *Maltby* v. *Carstairs*, 7 B. & C. 735; *S. C.*, 1 Mylne & K. 562, note; Hovenden's note to *Rees* v. *Berrington*, 2 Ves. Jr. 540; *Hall* v. *Hutchins*, 3 Mylne & K. 426; *Dun* v. *Slee*, 1 Holt's N. P. C. 399; *Kearsley* v. *Cole*, 16 M. & W. 127, 128*; *Wescott* v. *King*, 14 Barb. 32.) Notice by plaintiff to Simon of the pendency of the Cobb suit was unnecessary. (*Comstock* v. *Drohan*, 71 N. Y. 9; *Kearsley* v. *Cole*, 16 M. & W. 127, 128*; *Lee* v. *Clark*, 1 Hill, 56; *Barmon* v. *Lithauer*, 1 Abb. Ct. of App. Dec. 99; *Morgan* v. *Smith*, 70 N. Y. 537; *Bridgeport Ins. Co.* v. *Wilson*, 34 id. 275, 280; *Lee* v. *Clark*, 1 Hill, 56.)

*H. W. Bookstaver* for respondent. The plaintiff and defendant, by moving the court to direct a verdict each in his

favor, conceded that there was no question of fact to be considered by the jury, and that the case presented only questions of law to be determined by the court. (*Winchell* v. *Hicks*, 18 N. Y. 565; *O'Neil* v. *James*, 43 id. 84; *First Nat'l Bk.*, etc., v. *Dana*, 79 id. 108.) The cause of action was barred by the statute of limitations. (Code, §§ 380, 382; *Cobb* v. *Knapp*, 10 J. & S. 91; *S. C.*, 71 N. Y. 348.) The release executed by Cobb to Simon was an absolute bar to any recovery by the plaintiff in this action against Simon. (Laws of 1838, chap. 273, § 1; *Barmon* v. *Lithauer*, 1 Abb. Ct. App. Dec. 99.)

MILLER, J. The plaintiff purchased of one Cobb a quantity of wheat for the firm of C. A. Steen & Co., of which firm the defendant Simon, who alone is served with process and defends this action, was a member, and Cobb brought an action against the plaintiff, claiming that the plaintiff had not disclosed to him the fact that he acted as broker for, and that the defendants were his principals. Cobb recovered a judgment against the plaintiff for the balance unpaid on the wheat. The plaintiff paid the judgment of Cobb, and brings this action to recover the amount thus paid by him. Upon the trial of this action, it appeared that the wheat was purchased by the plaintiff of Cobb upon the 23d of October, 1868, by the order of the defendants' firm. It was also proved that, in the same month, the plaintiff purchased for said firm other grain; and in November, 1868, he brought an action to recover the value of all the grain which he purchased for the defendants with the brokerage thereon. The complaint in the last-named action alleged that the grain was sold and delivered to the defendants and that the defendants agreed to pay for the same, and claimed judgment for the value thereof and the brokerage thereon to the amount of $40,000.

Upon the trial of the case at bar the plaintiff testified that the action brought by him to recover the value of the wheat sold by him to the defendants was partially settled in the spring or winter of 1869, and that he had no further communication with the defendants until after Cobb had recovered

judgment against him for the grain he sold. The plaintiff did not state the terms of the settlement, but one of his witnesses testified, that the Cobb claim was to be left out and that the firm of C. A. Steen & Co. were to settle that between themselves. The defendant Simon testified, that upon the settlement his brother bought the claim for the wheat purchased for fifty cents upon the dollar, and a note was given with his brother's indorsement for the amount. It was stipulated and an order was entered discontinuing that action. Simon also swore that the plaintiff said at that time, "You have got to settle that claim of Mr. Cobb." At this time also, Cobb had brought a suit against the defendants and one Goldsmith, who was not a member of the firm, for the price of the same wheat. Simon also swears that the plaintiff went with him and introduced him to Cobb, and said Mr. Simon wants to settle this affair, his portion, and was present when he paid Cobb and a release was executed to him by Cobb, bearing date October 30, 1869, discharging the defendant as one of the firm under the act of 1838. The plaintiff denies that he was present at the time the money was paid or the settlement made, or that he introduced Simon to Cobb, and also denies the statements testified to by Simon on the subject. The suit of Cobb was brought against the plaintiff in 1873, and judgment was obtained for the balance unpaid, which was affirmed in this Court in 1877.*

At the close of the evidence in the case at bar the plaintiff's counsel moved the court to direct a verdict in favor of the plaintiff, and the counsel for the defendant Simon, for the direction of a verdict for said defendant. The motion of the defendant's counsel was based upon the grounds: *First*, that the statute of limitations was a bar to the action; and *second*, that Simon had been released by Cobb, and the judgment in the action brought by Cobb against the plaintiff was of no effect whatever against Simon. The motion was denied. The counsel for the plaintiff then asked the court to submit to the jury the question as to the release and whether plaintiff was present at the time. This was refused, the court assuming that

* 71 N. Y. 348.

the plaintiff was not present, and that from the undisputed facts and the effect to be given to the release, there was no cause of action against the defendant, and directed a verdict in favor of the defendant, and the plaintiff's counsel duly excepted to the several rulings of the court.

We think that the judge erred in his ruling directing a verdict in favor of the defendant, and in refusing to submit the case to the jury as requested. The firm of C. A. Steen & Co. were originally liable to pay the plaintiff for the wheat which he had purchased for them upon the obligation incurred by the nature of the contract itself, and the plaintiff had a remedy against them for the price of the wheat sold, which liability does not depend upon the recovery of the judgment by Cobb against the plaintiff. The plaintiff brought an action against the firm to recover for the whole value of the wheat purchased, which was settled and discontinued. As we have already seen, there was evidence upon the trial showing that it was a part of the arrangement that the Cobb claim was to be left out, and that the defendants in the suit were to settle the same. There was also proof of the circumstances under which the release to the defendant Simon was executed, and it was a serious question whether the plaintiff gave his assent to the release of the defendant Simon, discharging him from liability. If he did not, and the plaintiff was not a party to or acquiesced in the discharge of Simon, and by the agreement the defendants in the action thus settled were bound to settle Cobb's claim, then the discharge of Simon did not relieve him from liability to the plaintiff for the portion of the claim which remained unpaid. The agreement still remained in force unfulfilled, and Simon was liable upon the same to pay the entire demand. In view of the circumstances it was, we think, a question of fact for the jury to determine; as to the nature of the agreement, and whether the plaintiff assented to the release, as one which was made in pursuance of the agreement. As this might to some extent depend upon the plaintiff's knowledge of the execution of the release, the judge erred in refusing to submit to the jury the question presented as to the way the release was given,

and whether the plaintiff was present at the time it was exe-
cuted and delivered, as requested by the counsel for the plaint-
iff. It is true that the judge, in answer to the last-named re-
quest, stated that he assumed that the plaintiff was not present
and that he based his decision on the effect of the release, and
the facts which were not disputed, and held that there was no
cause of action ; but we think that he erred in his conclusion,
and that there was a disputed question of fact for the jury to
determine. The assumption of the judge, in connection with
the other facts, may have led to a different result, if the case
had been left to the jury, and the request as made should, we
think, have been granted. The claim of the respondent's coun-
sel that the plaintiff was guilty of negligence in defending the
action without notifying his alleged principals, does not, we
think, arise upon this appeal ; for if the agreement was that
the defendant Simon should settle the claim of Cobb, the judg-
ment obtained by Cobb against the plaintiff cannot affect the
liability of the defendants. It may also be remarked that as a
release to one of the members of the firm of C. A. Steen &
Co. would not be a compliance with the agreement to settle the
claim of Cobb, and thus discharge the plaintiff, it is not en-
tirely apparent that any notice of the suit was required.

The question whether the statute of limitations was a bar
to the action was not decided by the judge upon the trial. As
the time when the statute began to run depends very much
upon the fact whether there was an agreement to pay the de-
mand of Cobb by the defendant Simon, and upon a new trial
that question will be litigated, it is not necessary to determine
now whether the statute is a bar. The fact that each party
moved the court to direct a verdict, under the circumstances,
does not preclude the appellant from raising the questions con-
sidered, and for the error stated, the judgment should be re-
versed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.