By the Court.—Sedgwick, Ch. J.—The
complaint alleged that, in October, 1868, the defendants requested the plaintiff to purchase, as broker, for them certain wheat of Carlos Cobb, and that the plaintiff, as such broker, did buy for the defendants the wheat for $5,064; that in October, 1868, the defendants paid said Carlos Cobb $1,688, leaving the sum of $3,737 due, which the defendants never paid; that thereafter said Carlos Cpbb sued the plaintiff for the price and value of the wheat remaining unpaid and recovered judgment against him for the amount claimed ; “ that the said Cobb recovered the said judgments against this plaintiff, although the defendants herein were the principals in said transaction and the plaintiff was a mere broker and surety, under allegations and proof that the plaintiff failed to disclose the defendants as his principals, all of which was at the defendants’ request and for their use.” The testimony established the facts about to be stated. In agreement with the allegations of the complaint, the plaintiff as a witness swore that the defendants’ firm requested him to buy the grain for them, and that on October 23, 1868, he ordered it of Mr. Cobb for the firm. The complaint, it has been seen, specifically states that he bought as a broker. The plaintiff gave no evidence to show that at any time down to January, 1878, he took the position, that he bought of Cobb apparently for himself but actually for defendants’ firm as their broker, not disclosing the agency. For in addition to what has already been noticed, his answer in the action of Cobb against him alleged that the wheat was purchased of Cobb by him only as a broker for the present *25 defendants’ firm, and that Cobb knew that the wheat was purchased only by him as a broker and for the benefit of that firm. The plaintiff verified this answer ^f ter October, 1873, five years after the wheat was bought.
Soon after the wheat was bought in October, 1868, the plaintiff took a position at variance with that shown by the complaint and the proof. He brought an action against the defendants’ firm for the value or price of the wheat, as goods sold and delivered by him to them. If this were well founded, the fact asserted by the plaintiff must have been that he bought for himself of Cobb, and sold to the defendants’ firm.
* In this action last referred to, the plaintiff claimed to recover for other wheat sold by him to the defendant’s firm, which, with the Cobb wheat, amounted in value to about $40,000. The learned counsel for appellant has argued that this form of complaint as to the Cobb wheat was, “in other words alleging, in effect, that he had not disclosed the names of the buyers and sellers, and therefore brought suit as principal.” This seemed to me conclusively negatived, by the train of considerations that has been adduced, ending in his sworn answer of October, 1873, that Cobb knew that he acted as broker for the defendants’ firm.
I wish now to notice, the effect of the action of Cobb against this plaintiff, upon the relation of the defendant to the transaction. It has been noticed that down to the time of the beginning of that action, plaintiff did not claim that he bought of Cobb as broker in fact, but not so informing Cobb. There is no testimony tending to show that the defendant or his firm, were informed or had any reason to believe, that the plaintiff had bought in that manner, or that Cobb claimed that he had. There is no proof that the defendant knew of the action by Cobb, its nature, its progress, or its result. He swears he did not, until after the judgment was paid by the plaintiff 1878. In the case it is admitted that he had no notice of the action, or the complaint of Cobb against the plaintiff simply charged him as purchaser. The answer alleged that the present plaintiff *26 bought as broker of the present defendants’ firm, and that Cobb so knew at the time.
The present complaint avers that Cobb recovered judgment inethis action “under allegations and proof that the plaintiff failed to disclose the defendants or his principals.” This averment was not proved. Cobb recovered from the plaintiff, on the purchase by him, he failing to prove that he bought as alleged in his answer.
While the action of this plaintiff against defendants’ firm was pending, another action, that of Cobb against defendants? firm was pending, and this the plaintiff' knew. Cobb alleged in his complaint, that he sold and delivered to the defendants’ firm, through the present plaintiff as broket, the wheat in question. The complaint did not, and it was not necessary to allege, whether at the time of the sale, the present plaintiff announced his agency for defendants’ firm.
The case does not show what was the answer of the defendants’ firm to this complaint, nor does it show what was the answer of defendants’ firm in the action of the present plaintiff against them. Although it may now be taken that there was an issue of fact in each action, its nature is not disclosed.
While these two actions were pending, contemporaneously and before April, 1869, negotiations began between the plaintiff and the defendants, for the settlement of claims in the action by the plaintiff against the defendants’ firm. There was an agreement finally made, as plaintiff testified, on which he relies in whole or in part to support this action. The agreement, according-to plaintiff’s testimony, was that defendant’s firm should, pay in a specified way, 50 per cent, of the claim for goods sold and delivered excepting for the wheat bought of Cobb. This 50 per cent, was afterward paid. The plaintiff further testified, that, in addition, he said to the defendant “will you then take charge of the Cobb claim, bar that from me?” and that to this the defendant said: “You shall never hear .of that again ; that we will settle ourselves; you need never give yourself any un *27 easiness in regard to the Qobb matter; that we will settle.” Now it is of vital importance, in the construction of this alleged agreement to determine to what both the parties referred in the phrase Cobb claim. The question, of course, is not, to what, if each had taken other positions than in fact were taken, they might have referred to % nor to what either in his own mind referred to ? but to what did they both refer, in the use of that term %
They must have referred to a claim against the present plaintiff. He, of course, would only stipulate for that. If Cobb was right in his action against the defendants’ firm, as stated in his complaint, and as this plaintiff swore in his answer to Cobb some years after, then the plaintiff appeared in the transaction as an avowed agent, and would not be liable to Cobb, and would have no claim against defendants’ firm except for brokerage.
But if his action against the defendants’ firm were well founded, as he asserted by bringing the action and then settling it, and as he therein sued for wheat sold by him to the defendants’" firm, his position, at the time of the agreement, was, that he remained liable to Cobb for the value of the same wheat as a purchaser of the wheat. He had bought the wheat of Cobb, and sold it to the defendants’ firm., If they paid him, he could pay Cobb. Or, if they paid Cobb, the same benefit resulted to him. It would be, in effect, the same thing if they settled with Cobb, for then he could not recover from plaintiff on an allegation that the plaintiff bought the wheat. This latter was the case on the assumption" of facts between the parties. Neither Cobb nor the present plaintiff had asserted that the latter had bought as broker without disclosing the principal. Cobb made no such claim until in his action in 1873. Noras against the defendant has it been shown tobe the fact. The conclusion seems to me to be inevitable that the claim which the parties stipulated should be settled, was such claim as Cobb might have against the plaintiff for goods sold and delivered to him absolutely, and not as broker, without disclosure of the principal.
*28 If these be just views, then £he plaintiff could, in this action, only rely upon a cause of action arising out of the making of the agreement, for the reason before stated, that the only claim by Cobb from which the plaintiff at that time considered he was to be relieved, was such that it negatived the notion that the plaintiff had any claims against the defendants’ firm excepting as sellers of wheat to them. This latter cause of action has been barred by the statute of limitations.
But this action is not apon the agreement. The complaint contains no intimation that the plaintiff claims upon it. The learned counsel for the appellant takes the position that the making of the agreement operated as a request that the-plaintiff should do all the things alleged to have been done. We have seen that if this were right in principle it is not supported by the testimony. The only alternatives for the defendant are either that the plaintiff bought the wheat for himself of Cobb, or as broker, Cobb knowing the principal. If the latter be the fact, the defendant, who had no notice of the action of Cobb against the plaintiff, is not responsible for the consequences of the plaintiff not proving his defense in that action. It cannot be true, I say with deference, that when the testimony does not show that the agreement referred to any claim by Cobb against the plaintiff, based upon the relation of the defendant to the plaintiff as broker and principal, and the testimony does not show that, as a fact, the plaintiff was liable to Cobb on such a claim, the plaintiff can gain any rights by the result of the action, for which and for the testimony and want of testimony in it the defendants were not responsible. The defendant has never before this action been called and given a day to answer as to this. The claim, as stated in the complaint, evidently depends upon its being the fact, that plaintiff bought of Cobb actually as agent for defendants, but did not disclose that defendants’ firm were his principals.
The agreement referred to was given in evidence by the plaintiff, and contradictory evidence as to it was given by defendant. No objection was made to the evidence. It *29 cannot, for that reason, be assumed that the parties acted as if the agreement were the substantive cause of action intended to be litigated. Evidence as to it was competent under the complaint, as it was to show that in the settlement of the action of plaintiff against defendant the claim of plaintiff, in regard to the Cobb wheat, had been accepted, and also in connection with the position assumed by the complaint as to the liability of plaintiff to Cobb, as ostensible purchaser, while, in fact, broker, to show that the defendant, in the agreement, recognized his' obligation to indemnify the plaintiff.
If the agreement created an independent cause of action, as was argued by appellant’s counsel, it, as described by the plaintiff, was made upon a valuable consideration, that is upon relinquishing plaintiff’s claim to one half of the other amounts due, and was a promise to protect plaintiff from Cobb’s claim, which we have already examined. This stood on its own feet, and was to be enforced the same as if there were no question that the plaintiff had not bought as broker, in any sense, the wheat from Cobb.
The counsel for plaintiff did not request the court to charge the jury, as to the obligations of the defendant under the agreement, as itself with a breach, making a cause of action. The only allusion in the charge to the agreement, as to the executory rights of the plaintiff under it, was, that for the reasons the judge stated, the plaintiff refused to include the_ claim by him against the defendant for the Cobb wheat, in the settlement.
The court charged that if the evidence showed that the plaintiff acted as broker in the transaction, the defendant was liable, unless he had shown that the release by Cobb to the defendant was made with the assent or concurrence of the plaintiff.
The court also charged, that <£ If in this transaction the plaintiff acted as principal, and made a sale of this wheat to the defendants, the plaintiff cannot recover in the present action.” The plaintiff’s counsel made to this the only exception to the charge. The charge seems clearly right *30 under the circumstances. As the plaintiff did not claim under the agreement, if he did not act as broker for the defendant, the only claim he could have would be as a seller of wheat to the defendant. That claim was barred by limitation of time, as we have already said.
The court of appeals, in its opinion in • this case, on appeal (86 N. Y. 315), said that the defendants’ firm “ were originally liable to pay the plaintiff for the wheat which he had purchased for them, upon the obligation incurred by , the nature of the contract itself, and the plaintiff had a remedy against them for the price of the wheat sold, which liability does not depend upon the recovery of the judgment by Cobb against the plaintiff.” The application of this to the fact of plaintiff selling the wheat to the defendants, if such ■ were the case, is clear. It may be applied, perhaps, to the,, fact of the plaintiff buying from Cobb, as a broker, disclosing or not disclosing his principal; but in the latter contingency it was left to the jury, on the last trial, to say whether the plaintiff bought as broker.
It seems from the opinion of the court of appeals that the case then showed conclusively or as a matter for the jury to pass upon, that the Cobb claim, intended by the agreement was a claim against the plaintiff based upon the fact that the plaintiff had bought of Cobb as a purchaser, while in fact he was defendants’ firm broker. This cáse shows that no such thing was proved oh the last trial or assumed to be the fact at the time of the agreement.
It may be well to see if there were anything done or said by the defendant which would tend to show that at the time of" the agreement the parties to it meant to refer to a claim that Cobb might have against the plaintiff, although he in fact was broker for defendants’ firm. I can perceive nothing of the kind. What the defense was- to the action, in which plaintiff alleged that defendants’ firm had bought the Cobb wheat of him, is not shown. The defendant soon after the agreement paid to Cobb about $1,700 to procure a release for him individually from the claim made in Cobb’s action, that the defendants’ firm bought the wheat through *31 the plaintiff as a broker. This is no admission that Cobb had in such a- case any claim against the plaintiff. And on the other hand, any dealing by Cobb with the claim as he made it in the action last referred to, especially any payment upon a satisfaction of it, would tend to relieve the plaintiff from Cobb’s claim, as the plaintiff asserted it to be, viz.: that of a vendor to the plaintiff.
The exception that has been particularly examined seems to present the only important question.
I am of opinion that the judgment should be affirmed, with costs, and that the order denying motion for a new trial made upon the minutes should be affirmed with $10 costs.
Freedman and Russell, JJ., concurred.