SAMUEL P. KNAPP, Appellant, *v.* ULRICH SIMON, Impleaded, etc., Respondent.

Where a broker purchases property without disclosing the name of the principal for whom he acts, he becomes liable personally for the purchase-price, and is entitled to collect such price from the principal; the latter can relieve himself from such liability only by showing payment to the vendor, or a release for a good and valuable consideration from the broker.

As affecting such liability, it is immaterial whether the broker disclosed to the vendor the fact that he was acting as agent for some principal or made the purchase ostensibly as principal.

The statute of limitations begins to run against a claim by the broker from the time of the purchase, the same as if he had himself been the vendor.

In the absence of objections to the sufficiency of a complaint it is the duty of the trial court to give the plaintiff the benefit of any cause of action established by the evidence; and upon appeal this court will consider the cause of action disclosed by the evidence, without regard to any objections to the sufficiency of the pleadings, which were not made in the court below.

Plaintiff, a broker, purchased a quantity of wheat of C. for defendant's firm. He brought an action against defendant to recover upon a general balance of account, which included the purchase-price of the wheat in question. The action was settled, the claim arising out of the purchase from C. being excepted, and defendants agreeing, as part of the consideration for the settlement, to pay and discharge the liability to C.; the latter about the same time sued defendants to recover for the wheat so sold. This action was discontinued under an arrangement made between C., and S., one of the defendants, by which C. agreed to discontinue and to release S. individually, in accordance with the Joint Debtor Act, upon his payment of one-third of the purchase-price. Of this arrangement S. had knowledge and assented thereto. Subsequently C. brought an action against plaintiff to recover the balance of such purchase-price, on the ground that he did not disclose his principals at the time of the purchase, and recovered a judgment, which plaintiff paid. In an action brought to recover the amount so paid, the complaint set up the purchase by plaintiff as broker for- defendants. Defendant S., who alone appeared and defended, pleaded the statute of limitations and also the release. It appeared that the statute had run against such claim. Upon the trial plaintiff proved, without objection, the agreement made upon the settlement of the former action. *Held,* that a good cause of action was established by reason of defendants' failure to relieve plaintiff from his liability to C., and that plaintiff was entitled to the benefit thereof,

unless S. was discharged by the release given him by C. and plaintiff's
assent thereto, as to which *quære.*

The court charged the jury "that if in this transaction plaintiff acted as
principal, and made a sale of the wheat to the defendants, the plaintiff
cannot recover in the present action."  *Held* error.

*Knapp* v. *Simon* (17 J. & S. 17), reversed.

(Submitted  May 8, 1884 ; decided June 10, 1884.)

APPEAL from judgment of the General Term of the Su-
perior Court of the city of New York, entered upon an order
made December 30, 1882, which affirmed a judgment, in favor
of defendant, who alone was served, appeared and defended,
entered upon a verdict.   (Reported below, 17 J. & S. 17.)

The complaint alleged that in October, 1868, the defendants
requested the plaintiff to purchase, as broker, for them certain
wheat of Carlos Cobb, and that the plaintiff, as such broker,
did buy for the defendants the wheat for $5,064 ; that in
October, 1868, the defendants paid said Carlos Cobb $1,688,
leaving the sum of $3,737 due, which the defendants never
paid ; that thereafter said Carlos Cobb sued the plaintiff for
the price and value of the wheat remaining unpaid, and re-
covered judgment against him for the amount claimed.  "That
the said Cobb recovered the said judgments against the plaint-
iff, although the defendants herein were the principals in said
transaction, and the plaintiff was a mere broker and surety,
under allegations and proof that the plaintiff failed to  disclose
the defendants as his principals, all of which was at the defend-
ants' request and for their use."  The answer set up among
other defenses a release of defendant Simon by Cobb ; also the
statute of limitations.   The case is reported on a former
appeal in 86 N. Y. 311.

The facts, so far as material to the questions discussed, are
stated in the opinion.

*D. M. Porter* for appellant.   By the assumption and agree-
ment to pay plaintiff's debt to Cobb at the time of the state-
ment between plaintiff and defendants, the former became the
surety and the latter the principals, although as to Cobb plaint-

iff still remained a principal, Cobb not being a party to the arrangement. (*Slauson* v. *Watkins*, 86 N. Y. 597, 600–1; *Comstock* v. *Drohan*, 71 id. 9; *S. C.*, 8 Hun, 373; *Neass* v. *Mercer*, 15 Barb. 318; *Bradshaw* v. *Beard*, 12 C. B. [N. S.] 344; *Doty* v. *Wilson*, 14 Johns. 378; *Van Santen* v. *Standard Oil Co.*, 81 N. Y. 171; *Exall* v. *Partridge*, 8 T. R. 308; *Bailey* v. *Bussing*, 28 Conn. 455; *Norton* v. *Coons*, 3 Denio, 130; *S. C.*, 2 Selden, 33; *Holmes* v. *Weed*, 19 Barb. 128; *Aspinwall* v. *Sacchi*, 57 N. Y. 331, 335, 336; *Williams* v. *Shelly*, 37 id. 375; *Waddington* v. *Vredenbergh*, 2 Johns. 227; *Morgan* v. *Smith*, 70 N. Y. 537; *Holmes* v. *Weed*, 19 Barb. 128, 135.) The plaintiff and defendants (because of the plaintiff's failure to disclose to Cobb who were his principals) were both liable to Cobb. (*Nason* v. *Cockroft*, 3 Duer, 366; *Coleman* v. *B'k of Elmira*, 53 N. Y. 388, 394; *Cobb* v. *Knapp*, 71 id. 348; Story on Agency, §§ 266, 267; *Meeker* v. *Claghorn*, 44 N. Y. 349.) As the plaintiff has paid the debt owing by the other copartners, and was surety for three, the release of the defendant Simon would be no bar under the statute, and, as to the plaintiff, it is an act between third persons, and as the plaintiff's cause of action arose against the defendant Simon after the release was given, it is no bar. (*President, etc., of M. & F. B'k* v. *Capron*, 15 Johns. 467; *Hosack's Ex'rs* v. *Rogers*, 25 Wend. 313, 344; *Slauson* v. *Watkins*, 86 N. Y. 597, 600–1; *Comstock* v. *Drohan*, 71 id. 9; 8 Hun, 373; *Ontario B'k* v. *Walker*, 1 Hill, 652; *Morss* v. *Gleason*, 64 N. Y. 204; *Elwood* v. *Deifendorf*, 5 Barb. 398, 410; *Stover* v. *Flack*, 30 N. Y. 64; *Hubbell* v. *Carpenter*, 1 Seld. 171; *Lee* v. *Clark*, 1 Hill, 56; *Ex parte Glendenning*, 1 Buck's Cases in Bankruptcy, 517; *Smith* v. *Winter*, 4 M. & W. 454; *Boulthee* v. *Stubbs*, 18 Ves. 20; *Kearsley* v. *Cole*, 16 M. & W. 128; *Owen* v. *Homan*, 3 Eng. L. & Eq. 112, 125; *Ex parte Gifford*, 6 Ves. 805, 808; *Maltby* v. *Carstairs*, 7 B. & C. 735; *S. C.*, 1 M. & R. 549, 562, note; Hovenden's note to *Rees* v. *Berrington*, 2 Ves. Jr. 540; *Hall* v. *Hutchins*, 3 M. & K. 426; *Dunn* v. *Slee*, 1 Holt's N. P. C. 399, Rep. note.) Notice by the plaintiff to Simon of the pendency of the Cobb suit was unnecessary.

(*Knapp* v. *Simon*, 86 N. Y. 311 ; *Comstock* v. *Drohan*, 71 id. 9 ; *Kearsley* v. *Cole*, 16 M. & W. 128 ; *Lee* v. *Clark*, 1 Hill, 46 ; *Holmes* v. *Weed*, 19 Barb. 128, 136 ; *Barmon* v. *Lithauer*, 1 Abb. Ct. of App. Dec. 99 ; *Morgan* v. *Smith*, 70 N. Y. 537 ; *Bridgeport Ins. Co.* v. *Wilson*, 34 id. 275, 280 ; *Lee* v. *Clark*, 1 Hill, 56.) The admission of the record of conviction of Knapp in Monmouth county, New Jersey, was error. (*Sims* v. *Sims*, 75 N. Y. 466, 472 ; *Carpenter* v. *Nixon*, 5 Hill, 260 ; *Newcomb* v. *Griswold*, 24 N. Y. 298 ; *Nat. Trust Co.* v. *Gleason*, 77 id. 400 ; *Perry* v. *People*, 86 id. 353.) A factor, or other mercantile agent, who contracts in his own name on behalf of his principal is a trustee of an express trust, and is the proper party to bring an action upon the contract. (*Grinnell* v. *Schmidt*, 2 Sandf. 705, 706 ; *Ladd* v. *Arkell*, 5 J. & S. 35, 40 ; *Rowland* v. *Phalen*, 1 Bosw. 43 ; *Considerant* v. *Brisbane*, 22 N. Y. 389 ; *Davis* v. *Reynolds*, 48 How. Pr. 210 ; 5 Hun, 651 ; *Morgan* v. *Reid*, 7 Abb. Pr. 215 ; *Brown* v. *Cherry*, 56 Barb. 635.) By the terms of the settlement, even if Knapp had sold the grain as principal, he became surety when defendants promised to pay his liability to the third party, from whom he bought. (*Savage* v. *Putnam*, 32 N. Y. 501 ; *Morse* v. *Gleason*, 64 id. 204 ; *Colgrove* v. *Tallman*, 67 id. 95 ; *Cowing* v. *Altman*, 79 id. 167 ; *McKechnie* v. *Ward*, 58 id. 541, 542 ; *McGoldrick* v. *Willits*, 52 id. 612 ; *Brake* v. *Kimball*, 5 Sandf. 267 ; Chitty's Precedents on Pleading [3d ed.], 33 ; Bullen & Leake's Precedents, 34 ; Chitty's Treatise on Pleading [16th Am. ed.], 33.) As the plaintiff was a surety, and paid for the defendants and sues for the money he paid, the charge as to his being a principal was error, there being no evidence to warrant such a charge. (*Jones* v. *Randolph*, 14 Otto, 108 ; *Algur* v. *Gardner*, 54 N. Y. 360 ; *Storey* v. *Brennan*, 15 id. 524 ; *Harris* v. *Wilson*, 1 Wend. 511 ; *Losee* v. *Buchanan*, 61 Barb. 86, 99 ; *Gale* v. *Wells*, 12 id. 84, 94 ; *Steele* v. *Benham*, 84 id. 634, 640 ; *Miller* v. *L. I. R. R. Co.*, 71 id. 380 ; *Sayre* v. *Townsends*, 15 Wend. 647 ; *Rogers* v. *Murray*, 13 Bosw. 415, 416 ; *Green* v. *H. R. R. R. Co.*, 32 Barb. 25.) Even if plaintiff

was present when the release was given, as he was a mere surety, and assuming that the defendant Simon's testimony as to release is true; that is, that plaintiff was present when it was taken, the after payment by the plaintiff entitles him to recover in an action for money paid. (*Wescott* v. *King*, 14 Barb. 32; *Bowne* v. *Lynde*, 91 N. Y. 92, 93; *Kearsley* v. *Cole*, 16 M. & W. 127, 128, 135, 136.) Illegal evidence is presumed to injure. (*O'Hagan* v. *Dillon*, 76 N. Y. 170; *Erben* v. *Lorillard*, 19 id. 299, 302, 303.)

*R. S. Green* and *H. W. Bookstaver* for respondents. It being fairly left to the jury that if they found certain facts, the plaintiff could recover, and in the other event of finding other facts, the defendant was entitled to a verdict, the finding of the jury is conclusive here that they have found the facts in favor of the defendant's right. (*Matter of Ross*, 87 N. Y. 514.) The action was barred by the statute of limitations. (Code, §§ 380, 382.) A party cannot bring suit on one cause of action and recover on a different one. (*Southwick* v. *First Nat. B'k*, 84 N. Y. 420.) If evidence is merely irrelevant or immaterial, its admission or rejection is within the discretion of the judge, and the exercise of such discretion is not the subject of review upon appeal. (*Gt. West. Turnpike Co.* v. *Loomis*, 37 N. Y. 127; *Ward* v. *People*, 3 Hill, 395; *Le Bau* v. *People*, 34 N. Y. 223.) The record of the plaintiff's indictment and conviction was properly admitted in evidence. (Code, § 832; U. S. R. S., § 905.)

RUGER, Ch. J. In 1868 the plaintiff, being a grain broker, purchased of one Carlos Cobb, for and at the request of the defendants, the firm of C. A. Stern & Co., a quantity of wheat for cash on delivery. The plaintiff did not disclose the names of his principals upon making such purchase. The grain was delivered and has never been paid for by the defendants.

The effect of a purchase of property by an agent who does not disclose the name of his principal at the time of such purchase is to render the agent personally liable to the vendor for the purchase-price.

The agent is under no legal or moral obligation to make such disclosure, and the only consequence of an omission, is to create a liability which he might escape by informing the vendor of the circumstance of his agency and the name of his principal.

The vendor may, however, upon discovering the name of the principal in the transaction, also hold him responsible for the price of the property bought, provided he has not in the meanwhile, in good faith, paid such price to the agent. He may, therefore, pursue either the agent or the principal, or both, until he recovers the contract price. (*Cobb* v. *Knapp,* 71 N. Y. 348.)

It appears in evidence in this case that Cobb did, in 1868, bring an action against the principals for the price of such wheat, but was induced soon after to discontinue it.

The debt to Cobb not having been paid, in 1873 he brought an action therefor against the plaintiff, which resulted in his obtaining a judgment for the balance of the price of the wheat remaining unpaid.

Knapp was there held liable upon the ground that by reason of the non-disclosure of the name of his principal he became personally liable for the purchase-price of the property bought, and it was further held that he was not discharged from such liability by reason of the action brought by Cobb against the defendants for the same cause of action. (*Cobb* v. *Knapp, supra.*)

The judgment thus recovered the plaintiff was compelled to pay, and he now seeks to recover back the money paid by him.

When a broker purchases or sells property without disclosing to the respective principals in the transaction the name of the party for whom he acts he becomes, on the one side, liable personally for the purchase-price of the property bought, and on the other is entitled to collect such price from the principal at whose instance the purchase was made.

The vendee in such a case can relieve himself from liability to the broker only by showing payment of the contract-price by him to the original vendor, or a release for a good or valuable consideration from the broker.

A cause of action having once accrued to the broker, and becoming vested in him, can be discharged only by payment or release. (*Seymour* v. *Minturn*, 17 Johns. 170.)

The evidence shows that about the time of this purchase the plaintiff brought an action against the defendants to recover upon a general balance of account, which included the purchase-price for the wheat in question. That suit never proceeded to judgment, but was settled by the parties, the claim now made being expressly excepted from the operation of such settlement, the defendants then agreeing as part consideration therefor to pay and discharge the liability to Cobb.

That action, therefore, did not change the original relations of the parties, except as they were affected by the express agreement of the defendants to assume and pay the Cobb claim, and it left the defendants still liable to the plaintiff in some form of action for the payment of the price of the wheat.

As already stated, Cobb about the same time, having discovered the name of the principals for whom the plaintiff acted in the purchase of the wheat, sued them to recover its price. This action never proceeded to judgment, but was procured to be discontinued by an arrangement made between Ulrich Simon, one of the defendants, and Cobb, whereby Cobb agreed to discontinue it and release Simon individually from the claim upon payment by him of one-third of the price of such wheat. This agreement was performed by Simon, and he paid to Cobb the amount agreed upon, and received from him a release of his individual liability in accordance with the provisions of the Joint Debtors Act. It is claimed by the defendant Simon that the plaintiff was present at the time of this agreement; knew its terms and conditions, and assented thereto. This fact, although controverted by the plaintiff herein, must, in the further consideration of the case, under the findings of the jury, be assumed by us to be true.

It is claimed by the defendant Simon that this fact, in some way, operates as a discharge to him from his liability to the plaintiff.

There was practically no conflict in the evidence, and it cannot be successfully disputed but that an agreement was made upon the settlement of the former action between the present parties whereby the defendants were to assume the payment of the debt owing to Cobb, and were to relieve the plaintiff from his liability therefor. This agreement was made upon a valid consideration, viz.: the discontinuance of the action and the release by the plaintiff to the defendants of a valid claim for a large amount, and it rendered the defendants liable to the plaintiff for any damages which he might incur by reason of their breach of the agreement.

It would seem, therefore, that the plaintiff has held two causes of action against the defendants, viz., one upon the original contract for the purchase-price of the wheat, and secondly, that arising out of a breach of defendants' undertaking to shield him from liability to Cobb on account of such purchase.

If the first cause of action was not merged in the agreement out of which the second arose, it would probably now be barred by the statute of limitations, without regard to the character in which the plaintiff acted in making the purchase, whether as principal or broker.

It would seem, therefore, when the case was submitted, that the evidence disclosed a good cause of action in favor of the plaintiff by reason of the failure of the defendants to relieve the plaintiff from his liability to Cobb, and entitled him to recover in this action upon proof that he had been compelled to pay Cobb for the balance due on the purchase-price of the wheat, unless Simon was discharged by reason of the circumstances attending the release given to him by Cobb.

It is true that the complaint in the case does not in terms set forth all of the facts necessary to support the second cause of action above referred to, but on the trial the evidence supporting it was admitted without objection and no question was at any time raised, as to the sufficiency of the complaint to sustain the cause of action proved.

Under the circumstances this court on appeal will consider the case upon the cause of action disclosed by the evidence, and disregard any objections to the sufficiency of the pleadings which were not made in the court below. (*Southwick* v. *First Nat. Bank*, 84 N. Y. 420; *Cowing* v. *Altman*, 79 id. 167.)

It was also the duty of the court below, in the absence of objections to the sufficiency of the complaint, to give the plaintiff the benefit of any cause of action established by the evidence, and a refusal by it to direct the jury to find in accordance with the case made by such evidence would be error. (*McGoldrick* v. *Willits*, 52 N. Y. 612.)

Upon a former appeal in this case, reported in 86 N. Y. 311, this court reversed a judgment in favor of the defendants upon the ground that the court on the trial erred in assuming as matter of law that the presence of Knapp at the settlement of the action, brought by Cobb against the defendants, and his assent to the release then given by Cobb, to the defendant Simon, operated as a discharge of Simon from his liability to the plaintiff.

It was held upon the evidence as it there appeared that the fact of such assent was a controverted fact, and the court erred in taking the question from the jury against the objection of the plaintiff. The case does not assume to decide what would be the effect of an assent by the plaintiff to the execution of the release, in case such assent was established by the evidence.

It seems to have been retried upon the theory that that question had been decided by this court upon the former appeal, and no question seems to have been made on the retrial as to the legal effect of such an assent.

Inasmuch as the question was not raised upon the trial below and has not been argued here, we do not now feel called on to express an opinion upon the point. Aside from an exception to the admission of evidence, but one question is presented upon this appeal for our consideration, and that arises over the exception taken by the plaintiff to a portion of the charge.

The court by its instructions left to the jury but two ques-

tions for their consideration, and those as stated in its language were as follows: 1st. "If in this transaction the plaintiff acted as principal, and made a sale of this wheat to the defendants, the plaintiff cannot recover in the present action. If, on the other hand, he simply acted as broker in the transaction, then you have a further question to consider, and that is in respect to this release." 2d. "If the plaintiff was present or acquiesced in the agreement by which Mr. Simon was released, then the defendant is not liable."

No exception was taken by the plaintiff to the latter portion of the charge, but with respect to the first proposition stated an exception was properly taken. We do not see how the defendants' liability can be affected by the character in which the plaintiff acted in making the purchase of the wheat. He was, upon the evidence in the case, entitled to recover the amount he had been compelled to pay Cobb, unless the circumstances attending the release of Simon by Cobb operated as a discharge of Simon's liability to him. The defendants were always primarily liable for the purchase-price of the wheat between them and the plaintiff.

The facts in respect to the character in which Knapp acted, in the transaction in question, are practically undisputed. The defendants, knowing that he was a broker, applied to him to purchase the wheat for them as a broker. They paid him commissions as a broker, and knew and dealt with him in no other character. It is entirely immaterial that, for certain purposes, he may be regarded by certain parties as a principal in the transaction. He was, so far as the defendants are concerned, a person who had incurred a liability for their benefit, and from which it was their duty to relieve him. They were undoubtedly entitled to invoke the benefit of the statute of limitations as a bar to any cause of action which he might have against them, and this bar would inure to them in regard to any liability growing out of the original transaction, irrespective of the character in which the plaintiff acted at that time.

If he acted as a broker in the transaction, but contracted in his own name, assuming the responsibilities of a principal, his

rights and liabilities would be the same, and no other than those which would have attended the transaction if his real character had been entirely undisclosed.

The statute of limitations would have been equally a bar to any action brought by him with respect to the original transaction, whether he had claimed as the vendor of the wheat, or as a broker entitled to enforce the contract of sale, as the trustee of an express trust. (*Considerant* v. *Brisbane*, 22 N. Y. 389.)

We think, therefore, when the court instructed the jury that the plaintiff's right to recover in this action depended upon the fact as to whether he acted as a principal, or as a broker, in respect to the purchase of the wheat, the charge was erroneous.

Having arrived at the conclusion that the judgment should be reversed for this reason we deem it unnecessary to discuss the other questions in the case.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.