## MANICE *a.* BRADY.

*Supreme Court, First District; General Term, Nov.,* 1860.

VARIANCE.—CAUSE OF ACTION UNPROVED.—PENALTY AND LIQUIDATED DAMAGES.

An objection that under the frame of the complaint, the plaintiff was not entitled to recover for the cause of action which he has proved, must be distinctly taken at the trial, or the court on appeal will deem that it was disregarded as immaterial, or that the complaint was treated as amended.

This rule applied where, in an action for breach of the conditions of a lease, the plaintiff recovered rent for use and occupation.

The owner of land agreed with another person that the latter might temporarily use it, and should make certain improvements, providing that if he fulfilled his agreement he should pay no rent ; but if not, he was to pay rent at the rate of $200 a year in addition to the expense of restoring the premises.

*Held,* that it appearing that the sum named was a fair rent for the premises in question, it was not to be deemed as a penalty, or even liquidated damages, but the rent, from which the tenant was to be exonerated in a certain contingency.

The cases which sometimes make it difficult to determine whether a particular sum was designed as a penalty or as liquidated damages, are cases where such sum is inserted in lieu of all other damages, and where it is doubtful whether the allowance of it would not give to a party an extravagant and unreasonable compensation, or would enable such party under cover of it to obtain illegal interest for the loan or forbearance of, or where, for some other reason, it is difficult to arrive at the probable intentions of the parties.

Appeal from a judgment.

The plaintiff and defendant made an agreement, under seal,

dated May 1, 1850, in substance, that the defendant might temporarily put sand upon his four lots on the corner of Madison Avenue and Twenty-fifth-street; to be removed on ten days' notice. The fence was to be kept in good order, and the flagging on Twenty-fifth-street, opposite the entrance to be made, was to be replaced when possession was given up. If the defendant did not remove the sand on notice, repair the fence, and replace the flagging, the plaintiff was at liberty to do it at the expense of the defendant. When the sand was removed, the ground was to be smoothed by the defendant, and if not, the plaintiff might do it, also at the expense of the defendant.

If the defendant did all things as he agreed, he was to pay no rent; but if he did not, he was to pay rent for the use of the premises at the rate of $200 a year; and this rent was to be in addition to the expenses of removal and repair, and flagging and levelling, before mentioned.

Notice in writing to remove the sand was served June 23, 1851. Verbal notice had been before given. The defendant failed to comply, and finally left the premises Oct. 11, 1851.

Upon the trial of the cause, it was agreed, by counsel, that if the plaintiff was entitled to recover rent, the amount of the recovery should be $382.39. The defendant at the close of the plaintiff's evidence moved for a nonsuit. 1. Because the sum mentioned in the agreement as rent was to be regarded as a *penalty.* 2. Because if so regarded, the plaintiff could only recover for the actual damage sustained, and no special damage had been alleged or proved.

The court refused the nonsuit, and the defendant excepted.

The jury found that the defendant had not complied with his agreement, and that it would cost $25 to do what he omitted. Under the direction of the court they found a verdict for the plaintiff for $382.39. The court thereupon ordered judgment for plaintiff for the sum of $382.39, to which decision and ruling the counsel of the defendant then and there excepted.

Judgment having been perfected for the plaintiff, the defendant appealed to the general term.

*Stephen E. Burrall,* for defendant.

*Augustus F. Smith,* for plaintiff.

BY THE COURT.*—HOGEBOOM, J.—Only two grounds for a new trial seem to be taken in this case, in the points upon which the case was submitted for decision. 1. That the amount allowed for *rent* of the premises was improperly allowed, inasmuch as the action was not for use and occupation, but for damages arising from certain alleged breaches of the written agreement between the parties. 2. That the sum of two hundred dollars per annum claimed as rent should be construed as a *penalty*, and not as *liquidated damages* for the breach of the agreement.

I am of opinion that the first ground was not taken at the trial. Nothing seems to have been said about it at the trial, except on the motion for a nonsuit. The point then made was that if the $200 be regarded as a penalty, the plaintiff could only recover for the *actual* damage sustained, no special damage having been alleged in the complaint nor proved on the trial. This does not present the question that the $200 is not recoverable for use and occupation of the premises. If it had been distinctly presented, an amendment would doubtless (if necessary) have been allowed on the trial, as it is obvious, from the amount for which judgment was demanded in the complaint, and from the allegations therein of specific breaches of each and every of the stipulations in the agreement required to be performed by the defendant, that the plaintiff intended to prosecute for the amount of the rent, as well as for the other items of claim therein contained. And the defendant was distinctly apprised, before the close of the trial, that the plaintiff sought to recover for the rent as well as the other items, inasmuch as " the counsel agreed that if the plaintiff was entitled to recover rent, the amount should be $382.39." We must, therefore, assume that the point now relied on was not distinctly brought before the court; or, if so, that it was disregarded by the court as unimportant, the whole merits of the case having been examined; or that the complaint was treated as amended: in any of which contingencies, the objection would be unavailable.

We must, therefore, look at the other and only important question in the case, to wit: whether the $200 was designed by the parties, and should have been treated by the court, as a

---

* Present, SUTHERLAND, BONNEY, and HOGEBOOM, JJ.

penalty, or as liquidated damages; if, indeed, it was strictly either, and was not rather a just compensation for the use of the premises, which the parties had fixed by mutual agreement between themselves. It certainly was proper enough that the plaintiff should have such compensation, for the defendant had received the benefit for which such compensation was allowed. He had occupied the premises for the period for which the rent was allowed. It does not appear that this rent was extravagant, and the plaintiff offered to prove that it was a fair valuation for the use of the lots. It would, therefore, have been both natural and equitable that the parties should have included this sum in the amount which the defendant was to pay. It was a *part of* what he ought to pay, and not a sum *beyond it.* It was independent of and additional to the other items for which the defendant ought to make compensation. The fact that the plaintiff stipulated to relinquish it on the event of a full and prompt compliance on the part of the defendant with the other stipulations of the contract, is not a reason for depriving the plaintiff of it, if the defendant failed to make such compliance. The cases which sometimes make it difficult to determine whether a particular sum was designed as a penalty or as liquidated damages, are cases where such sum is inserted in lieu of all other damages, and where it is doubtful whether the allowance of it would not give to a party an extravagant and unreasonable compensation, or would enable such party, under cover of it, to obtain illegal interest for the loan or forbearance of money, or where, for some other reason, it is difficult to arrive at the probable intentions of the parties. (Dakin *a.* Williams, 17 *Wend.*, 447, 454; Cotheal *a.* Talmage, 9 *N. Y.*, 551, 554; Bagley *a.* Peddie, 16 *Ib.*, 469, 471; 2 *Pars. on Cont.*, 438, and *notes.*)

In this case, I think no such difficulty arises. The intent of the parties is sufficiently clear—not to waive a portion of the just claim of the one party, except upon the performance by the other of a lawful condition. The claim is equitable and just in itself; the matters in issue have been determined, upon a full hearing of the parties, in favor of the plaintiff, and the judgment of the special term should be affirmed.

Order accordingly.