[No. 520. Decided September 17, 1892.]

LEVERETT McREAVY, *Respondent*, v. J. F. ESHELMAN AND W. H. LLEWELLYN, *Appellants*.

APPEAL—ASSIGNMENT OF ERROR—STATEMENT OF FACTS—REAL ESTATE BROKERS—LIABILITY TO CUSTOMER.

The technical assginment of errors is obsolete in the practice of this state, and an orderly statement by the appealing party in his brief of the errors complained of is sufficient.

Where a real estate broker signs a contract for the sale of his principal's land, the broker having merely an authority to sell which would not authorize a contract of sale binding upon his principal, the broker is not liable for the damages resulting therefrom.

Where the trial judge certifies that all the material facts have been included in the statement, it is conclusive that all the evidence has been sent up, and will warrant the supreme court in passing upon the sufficiency of the evidence..

*Appeal from Superior Court, King County.*

*S. G. Cosgrove*, and *Smith & Littell*, for appellants.
*Preston, Albertson & Donworth*, for respondent.

The opinion of the court was delivered by

STILES, J.—Respondent moves to dismiss for want of an assignment of errors. Code Proc. § 1428, is the only place where an assignment of errors is mentioned in our statutes as they now exist. We think, inasmuch as the technical writ of error is now obsolete in our practice, so is the technical assignment of errors. All causes are removed to this court on appeal, and the section of the statute above cited merely recognizes the necessity of some orderly statement of grievances by the appealing party for the consideration of this court. It is a regulation of practice which the court has emphasized by rules 7 and 12. Opposite parties and the court look to the appellant's brief for alleged errors, and upon finding none assigned, the court would, of course, affirm the judgment, or dismiss. But in this case, while the brief is far from being a model in clearness and convenience of arrangement, we easily find the points of objection, and shall not grant the motion.

This was a suit for damages against the agents who signed the contract for a sale of real property which was in issue in *Carstens v. McReavy*, 1 Wash. 359 (25 Pac. Rep. 471). Having failed to secure specific performance in that action, the respondent now seeks to recover the money paid by him on account of the purchase, with interest, damages for a lost bargain, and his costs and disbursements in the former case. Appellants tendered the return of the purchase money, with interest, but defended as to the other items.

*In Carstens v. McReavy* all that we had before us was the finding made by the court that the appellants here

were "duly authorized and empowered by the defendant, by writing under the defendant's hand, to make and negotiate a sale of said real estate." In this case the issues were framed to avoid the effect of the decision in the other one by the allegation in the complaint that the defendants represented to plaintiff that they were the agents of Carstens, and had due authority from him to sell the land and to enter into an agreement for the sale and conveyance thereof as the agents of the owner. To support this allegation the plaintiff testified that, after some preliminary negotiation, he agreed to take the lots, and defendants made and delivered the receipt to him in exchange for $300. He was then told that Carstens was the owner, and that he was in California; and he was promised a deed by May 2d. After May 2d he was told by Eshelman that his firm had a letter from Carstens authorizing them to sell his lots, but the letter was mislaid or lost. He never saw the letter nor asked to see it. Eshelman promised his evidence in the suit for specific performance, and stated that the letter contained Carsten's authority to sell. He did not state what it contained more than that. He did testify. The defendants testified that they received a letter from Carstens urging them to sell his lots, and get the money for him as soon as possible, as he was sick and needed it. Carstens denied having written or sent such a letter.

As we view the case, it is immaterial whether there was any letter or not. Outside of the mere fact of the execution and delivery of the receipt or contract, the plaintiff's evidence did not sustain the allegation of his complaint that it was represented to him that Eshelman, Llewellyn & Co. had authority to enter into a contract for the sale of the land. He says, "In making the contract in the first place, I relied on the statement of Eshelman as to his right to sell the property;" but he denies that at that time he saw or was told anything about a letter. It stands, then, that the

representation was of an "authority to sell," and upon that representation alone he took the agreement, which, although it was signed "Eshelman, Llewellyn & Co., agents," he knew was intended to be the agreement of Carstens, and not that of the agents. Both parties proceeded upon the belief that an authority to sell was good as an authority to make a contract of sale, and upon that theory the action of *Carstens v. McReavy* was brought. Both were in error, and so far as the legal effect of the agreement was concerned, both were bound to know that it was void as to Carstens.

An agent who assumes to act for a principal whom he has no authority to represent is liable to a third party who is misled to his prejudice by the agent's acts. But if the agent represents that he has a certain authority, and the representation be false, the third person cannot charge the agent where the authority claimed, if it had existed, would not have warranted the contract based upon it, or bound the principal to its performance, unless the agent by some apt expression guarantees the contract or assumes it himself. Such cases often arise where the legal effect of an agent's written authority is challenged after the agent and the third person have construed it in a manner different from its true effect. In such cases the principal is not bound and neither is the agent, because the intention was not to bind the agent. There is a mutual mistake of the law, which one is bound to know as well as the other. So here, the respondent, in law, knew that the mere authority to sell which Eshelman, Llewellyn & Co. claimed to have, did not authorize them to make a contract of sale for Carstens, and he was put upon inquiry as to their authority when they undertook to exceed its express terms. *Dung v. Parker,* 52 N. Y. 494; *Baltzen v. Nicolay,* 53 N. Y. 467; *Ware v. Morgan,* 67 Ala. 461; *Western Cement Co. v. Jones,* 8 Mo.

App. 373; *Humphrey v. Jones,* 71 Mo. 62; *Michael v. Jones,* 84 Mo. 578; *Newman v. Sylvester,* 42 Ind. 106.

The jury were sufficiently instructed on these points by the charge of the court, and if they had heeded the instruction could not, under the evidence, have found for more than the $300 paid by respondent, and interest thereon; and the only important error we find now is that the court refused to set aside the verdict on motion for a new trial.

Respondent objects to our considering the case upon the sufficiency of the evidence, because the certificate of the trial judge to the statement does not state that all the evidence is in the record. But fair notice was given that the point would be relied upon by the motion for new trial which specified insufficiency of the evidence as one of the grounds of new trial, and, naturally, of appeal. All the evidence was, therefore, a "material fact" in the statement; and as the judge certifies all the material facts to be here, it is conclusive that we have all the evidence. An admirable narrative statement of the testimony is presented, which is all the better for not being a copy of the stenographer's notes.

The appellants will be granted a new trial unless the respondent shall within thirty days stipulate to reduce his judgment to $415. If he elects to reduce he will be allowed his costs in the superior court except such as were made in proving the record in *Carstens v. McReavy.*

Appellants object to having the respondent's costs charged to them because they tendered a certain amount in their answer; but not having complied with Code Proc., § 834, they are not entitled to relief. They will be allowed costs of the appeal.

ANDERS, C. J., and HOYT and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.