(16 Misc. Rep. 22.)

LORD v. VAN GELDER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. FALSE REPRESENTATIONS.
    In an action for false representations by defendant as to his authority to enter into a contract for the purchase of land on the part of a third person, the fact that defendant, when requested to sign the contract of purchase "as attorney" for the buyer, stated that he was not her "attorney," and, on advice of his attorney, signed the buyer's name per his name, does not exempt him from liability.

2. APPEAL—HARMLESS ERROR—INSTRUCTIONS.
    In such an action, it is not ground for reversal that the court, in describing the facts, erroneously stated that the contract was signed by defendant as "attorney," defendant's only attempt to correct such mistake having been an objection to the instruction on the ground that the contract did not contain the words "as attorney."

Appeal from city court of New York, general term.

Action by Franklin B. Lord, as executor, etc., against John Van Gelder, to recover damages from defendant for falsely representing that he had authority to contract, on behalf of his wife, to purchase certain premises in the city of New York. From a judgment of the general term affirming a judgment for plaintiff, entered on a verdict, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Rufus P. Livermore, for appellant.

Lucius H. Beers and George Lord Day, for respondent.

DALY, P. J. It is undisputed that the defendant executed the contract for his wife, and that he had no authority to do so; but he claims exemption from liability on the ground that he stated, at the time, that he was not his wife's attorney. This was immaterial, because he did not sign as attorney, and it is not claimed that he represented himself to be her attorney. It is alleged in the complaint that he represented that he had authority from his wife to contract with the plaintiff for the purchase of the lands, and the proof fully sustains the allegation. As testified to by defendant himself, the facts are that he negotiated with plaintiff for the purchase of the lots, the price was agreed upon, and plaintiff was to prepare the agreement. Two or three days after, the defendant went to plaintiff's office to sign it, and found it had been made out between plaintiff and himself. He then stated that he did not want to take title in his own name. He wanted it in the name of his wife. The plaintiff asked what difference it made, and suggested that, when the deed was made out, defendant could put it in any name he wished; but defendant said he preferred to have it in Mrs. Van Gelder's name, and plaintiff told him to alter it himself, and thereupon he interlined his wife's name. When it came to a question of signing, he asked how he was to sign. Plaintiff said to sign it as Mrs. Van Gelder's attorney. Defendant said he was not her attorney, and asked his lawyer, who was present, "How will I do that?" The lawyer said, "Sign it 'Jennie Van Gelder, per John Van Gelder,'" and said to plaintiff, "You are satisfied with that?" And plaintiff said, "Certainly." And it was signed that way. In changing the contract from his own to one by his wife, and signing her name, he assumed and asserted authority to do the act on her behalf, and thus made the representation with which he is charged. He did not disclaim the right to do so by stating, with reference to a particular mode of subscription, that he was not his wife's attorney. This scrupulous regard for accuracy would only strengthen an impression that what he did do he did by right, and defendant was justified in relying upon his assumed authority, and in subsequently endeavoring to enforce the contract against Mrs. Van Gelder.

The questions of representations and reliance thereon were left to the jury, and their verdict is conclusive upon us. But it is contended that the jury were misled by a statement in the charge of the judge, and were instructed that the paper was actually signed

by defendant as attorney. The jury were not so instructed, but the judge, in describing the facts, erroneously stated that "the written contract bears the signature of the defendant's wife, Jennie Van Gelder, by himself as her attorney."

The defendant excepted "to that portion of the charge wherein the court refers to the words used in the contract 'signed himself as attorney,' upon the ground that the contract does not contain the words 'as attorney.'" If this exception was clear enough to point out the error, it is evident that the language complained of could not produce any misunderstanding on the part of the jury, for it was made exceedingly plain by the defendant's testimony that he had avoided signing as attorney. It is claimed that the charge was a legal construction of the effect of the signature. This it clearly was not; but, if defendant thought it might be deemed so by the jury, he should have asked for an express instruction on the point. It was a mere verbal mistake in the charge, and, as the effect, if any, could be cured by an instruction, it was defendant's duty to ask for it.

The defendant sought to avoid liability on another ground: that the plaintiff might have avoided loss by selling the property, at or before the default under the contract, to one McSorley, a party with whom defendant had been negotiating as a possible buyer of the lots; but no offer from McSorley to plaintiff was proved or suggested in the trial.

The judgment must be affirmed, with costs. All concur.