(5 App. Div. 613.)

MARBLE v. TOWMAN.

(Supreme Court, Appellate Division, Third Department. May 4, 1896.)

APPEAL FROM JUSTICE'S COURT—TECHNICAL DEFECTS.

Under Code Civ. Proc. § 3063, providing that, on appeal from a justice court, "the appellate court must render judgment according to the justice of the case, without regard to technical defects which do not affect the merits," a judgment should not be reversed for technical defects in the papers, or because a verified copy of a document, instead of the original, was received in evidence.

Appeal from Montgomery county court.

Action by Nancy Marble against Frank B. Towman, to recover possession of certain law books and surveyor's instruments, alleged by plaintiff to have been purchased by her from defendant. A judgment rendered by a justice of the peace in favor of plaintiff was reversed by the county court, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

F. L. Anderson, for appellant.

F. B. Towman, in pro. per.

PER CURIAM. The defendant appeared upon the return of the summons and answered the complaint, but did not appear upon the adjourned day upon which the trial was held. The plaintiff proved her case, and thus established her right to the judgment appealed from. Code Civ. Proc. § 3063, directs that:

"The appellate court must render judgment according to the justice of the case without regard to technical defects which do not affect the merits."

The defendant urges technical defects in the replevin papers, to which he objected before joining issue, and also that a verified copy of the original bill of sale was received in evidence upon the trial. We can give effect to none of these objections without disregarding the rule above quoted, which, since the defendant, after appearing and answering, left the case undefended, we are the less inclined to do. The cases which hold that, when the defendant makes default, the plaintiff must prove his case by legal evidence, mean evidence which has probative force; that is, evidence of facts tending to show the truth of the complaint,—not necessarily primary evidence, because secondary evidence is evidence, and, in the absence of objection, is admissible. Hearsay testimony, as a general rule, is not evidence of the fact in question, but only of what

some third person said about it. So of opinions. They do not prove the fact, but what the witness thought it was. These examples illustrate the cases referred to. This case was established by legal evidence.

The judgment of the county court should be reversed, with costs, and that of the justice affirmed.