(19 Misc. Rep. 189.)

## CAMPBELL v. MULLER.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. BAILMENTS—NEGLIGENT INJURY—BURDEN OF PROOF.
   The burden is on a bailee to disprove negligence in an action against him by the bailor for injury received by the property while it was in the bailee's hands.

2. PRINCIPAL AND AGENT—UNAUTHORIZED ACTS—PERSONAL LIABILITY.
   One assuming to act as agent is personally liable to the person with whom he deals, where the pretended agent knew that he had no authority, though he intended no fraud.

3. APPEAL—OBJECTION NOT MADE BELOW.
   The objection that an action should have been on contract, and not for deceit, will not be considered on appeal when it was not raised and ruled on below.

Appeal from Eighth district court.

Action by James A. Campbell against Adler Muller to recover for deceit in fraudulently assuming to act as agent without authority. From a judgment entered on a decision of the trial justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Keogh, Simis & Murray, for appellant.

M. W. Divine, for respondent.

McADAM, J. The defendant's son-in-law, Mr. Marquand, looked at two horses, one sorrel and the other bay, which the plaintiff had for sale. He selected the sorrel, and agreed to purchase it for $115 if after trial it suited him. For this purpose it was sent over to the stables of the National Guard in Brooklyn. Marquand tried the horse, and decided it would not do for his troop, and went to the state camp at Peekskill without it. Defendant thereafter wrote plaintiff that the sorrel did not suit his son-in-law, and made an appointment to meet plaintiff for a talk about the bay horse. A meeting was had, at which it was agreed that the defendant should return the sorrel to the plaintiff, and that the defendant's man, who would bring it over, should take the bay horse to Brooklyn instead. The price of the latter, with bridle and saddle, was $175. The exchange was made Saturday, August 1st, on the understanding that the defendant, who said he was an old horseman, would try the bay, and, if it did not suit, return same on the Monday following. It was not returned until 17 days afterwards, and then it came back in a depreciated condition, with a sore on one of its hind legs, which necessitated the attendance of a veterinary surgeon, at an expense of $20. The plaintiff, supposing that the defendant was the agent of Marquand, sued the latter to recover the damages suffered, but was defeated, upon the evidence of the defendant in this action, and of Marquand that the transaction as to the second horse was unauthorized by the latter. The plaintiff thereupon brought the present action, charging the defendant with fraudulently representing himself as Marquand's agent.

Plaintiff proved that the unauthorized detention of the bay horse was a damage to him of $2 a day, and that the depreciation in value of the horse by reason of the injury exceeded the surgeon's bill of $20, and that the injury occurred while the defendant had the horse, as it left the plaintiff's stable in good condition. The defendant, in defense, claimed that the bay horse was to remain with him until Marquand returned from the state camp; that he took it while Marquand was away, to save two dollars, the amount it would have cost to deliver the horse in Brooklyn, if the man who took the sorrel to plaintiff did not on his return bring the bay; and also undertook to show that the injury of which the plaintiff complained was owing to no neglect of his. He failed, however, to give any satisfactory explanation as to how the injury happened, so as to exonerate himself from liability. The rule is that a bailee, being in possession of property at the time of injury, and charged with its custody, ought to explain

the injury. He has the means of doing so, and the explanation comes naturally from him. Edw. Bailm. § 354; Arent v. Squire, 1 Daly, 347; Reed v. Crowe, 13 Daly, 164. The case thus far turned upon evidence which authorized the justice to find, on the facts, in favor of the plaintiff, and he did so, assessing the damages at $54, a sum not excessive.

The defendant, by his testimony in the Marquand case, placed himself in the embarrassing position of acting for Marquand without authority, the obvious effect of which was to exonerate the latter from responsibility in that action, and to effectually establish his own liability in this. "Wherever a party undertakes to do any act as the agent of another, if he does not possess any authority from the principal therefor  *  *  *  he will be personally responsible therefor to the person with whom he is dealing for or on account of his principal. There can be no doubt that this is and ought to be the rule of law in the case of a fraudulent respresentation made by the agent, that he has due authority to act for the principal; for it is an intentional deceit. The same rule may justly apply where the agent has no such authority, and he knows it, and he, nevertheless, undertakes to act for the principal, although he intends no fraud. But another case may be put, which may seem to admit of more doubt; and that is where the party undertakes to act, as an agent, for the principal, bona fide, believing that he has due authority; but, in point of fact, he has no authority, and therefore he acts under an innocent mistake. In this last case, however, the agent is held by law to be equally as responsible as he is in the two former cases, although he is guilty of no intentional fraud or moral turpitude. This whole doctrine proceeds upon a plain principle of justice, for every person, so acting for another, by a natural, if not by a necessary, implication, holds himself out as having competent authority to do the act; and he thereby draws the other party into a reciprocal engagement." Story, Ag. § 264. And see Ewell, Evan, Ag. 403; Dusenbury v. Ellis, 3 Johns. Cas. 70; White v. Madison, 26 N. Y. 124; Lord v. Van Gelder, 16 Misc. Rep. 22, 37 N. Y. Supp. 668; Trust Co. v. Floyd, 47 Ohio St. 525, 26 N. E. 110; Baltzen v. Nicolay, 53 N. Y. 467; Simmons v. More, 100 N. Y. 140, 2 N. E. 640; Taylor v. Nostrand, 134 N. Y. 108, 31 N. E. 246. The reason why the agent is liable in such case to the person with whom he contracts is that the party dealing with him is deprived of any remedy against the principal. The contract, though apparently with the principal, is not his in fact; and it is but just that the loss should be borne by the agent who contracted without authority. Baltzen v. Nicolay, supra. The liability of the agent rests on the ground that he warrants his authority, not that the contract is to be deemed his own; and on the question of damages the agent's liability is not necessarily measured by the contract, but embraces all injury resulting from his want of power, which was held to include the costs of an unsuccessful action against the alleged principal. Taylor v. Nostrand, supra.

The defendant's chief argument is that the action is for deceit, and not on contract. The ground and form of the agent's liability have been the subject of much discussion, and there are conflicting de-

cisions on the point. In Pennsylvania and certain other jurisdictions it has been held that when the agent makes a false representation of his authority with intent to deceive, or where, with knowledge of his want of authority, but without intending any fraud, he assumes to act as though he were fully authorized, he is personally liable to the other contracting party for the injury sustained, and such liability may be enforced either by action on the case for deceit, or by electing to treat him as a principal. Kroeger v. Pitcairn, 101 Pa. St. 311; 8 Wait, Act. & Def. 62. The court of appeals of this state has held that:

"The later and better considered opinion seems to be that his liability, when the contract is made in the name of the principal, rests upon an implied warranty of his authority to make it, and the remedy is by an action for its breach." Baltzen v. Nicolay, supra.

In Noe v. Gregory, 7 Daly, 285, Judge Van Hoesen, delivering the opinion of the court, said:

"I think the law of New York now is that the pretended agent is only liable to an action of deceit, or to an action for breach of warranty as to his authority. Either form of action will apprise him that the question to be litigated is his authority to act for the person whom he represented to be his principal, and he may come prepared to try that issue."

The defendant did not object in the court below to the form of the action, and it cannot be raised for the first time on appeal. Taylor v. Nostrand, supra. The only objection made was by motion to dismiss the complaint "upon the ground that there had been an entire failure of proof," and this was before the plaintiff had closed his proofs or rested his case. The motion so prematurely made was not renewed either at the close of the plaintiff's proofs or on the conclusion of the trial, and was apparently waived, and the case submitted to the justice for decision without regard to technicalities. The defendant did not contend that he acted under an innocent, but mistaken, belief, or that he had authority; nor did he express a willingness to assume the burden he had assisted in removing from Marquand, but reiterated his avowal of total want of authority, though, for some unexplained reason, he led the plaintiff to act on the belief that he possessed it; and thus the case was brought within the rule authorizing an action for the deceit. If it be assumed that the only remedy open to the plaintiff was for breach of the implied warranty of authority, then the plaintiff had no election to sue for deceit; and the allegation of fraudulent intent is mere surplusage that might be disregarded. See Sparman v. Keim, 83 N. Y. 245; Byxbie v. Wood, 24 N. Y. 607; Donovan v. Cornell, 8 Civ. Proc. R. 283. The objection in that event would be to the allegations of the pleading, rather than to the right of action itself. The rule is that no point can be raised in an appellate court which was not presented to and ruled upon by the court below. In McGoldrick v. Willits, 52 N. Y. 620, the court said: "It is claimed that this action will not lie; that it should have been trover. No question as to the pleadings was raised in the court below, and none should be entertained here." See, also, Manice v. Brady, 15 Abb. Prac. 173; Rosebrooks v. Dins-

more, 5 Abb. Prac. (N. S.) 59; Belknap v. Seeley, 14 N. Y. 143. "This court, on appeal, will consider the case upon the cause of action disclosed by the evidence, and disregard any objections to the sufficiency of the pleadings which were not made in the court below." Knapp v. Simon, 96 N. Y. 284, 292. Indeed, we are directed "to render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Code, § 3063, made applicable to district court of appeals by Consol. Act, § 1438; Marble v. Towman, 5 App. Div. 613, 39 N. Y. Supp. 350.

The judgment must be affirmed, with costs. All concur.