### HYMAN v. CASPARY et al.

(Supreme Court, Appellate Term. June 25, 1909.)

1. PRINCIPAL AND AGENT. (§ 149*)—AUTHORITY OF AGENT—IMPLIED WARRANTY.

One who undertakes to act for another without authority is liable to the person with whom he deals on the theory of an implied warranty of his authority, which liability is not measured necessarily by the contract, but by the injury resulting from want of power.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 553–555; Dec. Dig. § 149.*]

2. SET-OFF AND COUNTERCLAIM (§ 49*)—SET-OFF AGAINST ASSIGNEE.

Plaintiff's assignor and his son were customers of defendants' stockbrokers. The father was entitled to a dividend on certain stock being carried for him, and, being informed that the son's account was running low, directed defendants to sell certain shares standing in the son's name, stating that he had authority to act for his son and would be responsible for the order. The son repudiated the sale and claimed a liability against defendants therefor, after which the father assigned his claim against defendants for the dividend to plaintiff. *Held*, that the father was liable for the damages sustained by defendants on the faith of his representations, which claim they were entitled to set off against their liability for the dividend.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Isaac B. Hyman against Alfred H. Caspary and another. From a Municipal Court judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William D. McNulty, for appellant.

Franc, Neuman & Newgass (Frederick F. Neuman, of counsel), for respondents.

---

PER CURIAM. The court found for defendants. Plaintiff appeals.

The facts appear to be substantially as follows: Defendants are stockbrokers, and Ellis Hyman and his two sons, the plaintiff and M. E. Hyman, were customers of defendants. Ellis Hyman, on August 3, 1908, was carrying on his account 100 shares of Illinois Central Railroad stock, upon which a dividend was declared of $350, payable September 1, 1908. M. E. Hyman was carrying 100 shares of Westinghouse, and on August 18, 1908, the account of said M. E. Hyman was running somewhat low, and defendants called the attention of Ellis Hyman to his son's Westinghouse stock, as the father, the said Ellis Hyman, had just sold 100 shares of the same stock on his own account. The father thereupon told defendants to sell his son's stock, stating that he would act for his son and be responsible for the order, and representing that he had authority to give the order for his son, and assuring defendants that it was needless to try to find the said son. The defendants, relying on these statements, thereupon sold it; but M. E. Hyman subsequently, and on August 21, 1908, repudiated the sale, claiming that he had never authorized it. The stock was sold at about 68¼, and the price subsequently went up. On August 28, 1908, Ellis Hyman assigned his claim to the $350 dividend of the Illinois Central Railroad stock to the plaintiff, and on September 1, 1908, the dividend was paid to defendants, in whose firm name the stock stood, although bought for the account of Ellis Hyman. Plaintiff demanded the payment of said dividend, but defendants refused to pay it, claiming that the assignment to plaintiff was not in good faith, and that they had a claim against Ellis Hyman, by reason of having sold M. E. Hyman's stock upon the order of Ellis Hyman, and thereby incurred a liability to M. E. Hyman, who had repudiated the sale, and who also repudiated a claim of defendants against him.

The sale of M. E. Hyman's stock was charged on the latter's account, not on the account of Ellis Hyman. There is no denial that the $350 dividend ought to be paid to Ellis Hyman, or to his assignee, unless the claim arising against Ellis Hyman out of the sale of his son's stock can be offset against the dividend, and unless the assignment was in bad faith. The defendants claim that the sale of the Westinghouse stock left M. E. Hyman their debtor to the extent of $241.98, which he refuses to pay because they sold his stock without his order. The stock has, apparently, gone up considerably in value since the sale, and M. E. Hyman claims that defendants are his debtors, instead of he being theirs. The evidence shows that defendants' claim against plaintiff's assignor, Ellis Hyman, existed at the time of the assignment, as the sale took place on August 18, 1908, and the assignment was made on August 28, 1908. The father, by representing that he had authority to order the sale, bound himself; for the rule is that one who undertakes to act for another, without authority is liable to the person with whom he deals, on the ground of an implied warranty of his authority, and his liability is not necessarily measured by the contract, but embraces all injury resulting from his want of power. Campbell v. Muller (App. Term, McAdam, J.) 19 Misc. Rep. 139, 43 N. Y. Supp. 233; Baltzen v. Nicolay, 53 N. Y. 467 (Andrews, J.). Upon

the record now before us it seems clear that plaintiff is entitled to judgment in some amount, and that the judgment in favor of defendants should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.