[No. 12309. Department One. March 24, 1915.]

## C. C. SMITH, *Respondent*, v. ORR COMPANY, INCORPORATED, *Appellant.*[1]

BROKERS — LIABILITIES — RETURN OF MONEY. Where an option holder on a tract of land arranged with a broker for its sale in parcels in case he should secure title or make satisfactory arrangements with the owner, and delivered to the broker sale contracts executed in blank with the understanding that they were merely tentative, and the broker made sale of a tract without his principal having secured title, the broker is liable upon his promise to the would-be purchaser for a refund of the money paid, since his act in making sale beyond his authority was sufficient consideration for the promise.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 24, 1914, upon findings in favor of the plaintiff, in an action on contract. Affirmed.

[1]Reported in 147 Pac. 1.

*Charles P. Harris,* for appellant.

*Henry W. Lung, George W. Bright,* and *Brightman, Halverstadt & Tennant,* for respondent.

CHADWICK, J.—In June, 1910, one Phil. L. Serwe held certain lands under an option contract. He consulted defendant with a view to putting the property upon the market. It was suggested to him that the way to accomplish his purpose would be to make a contract providing for a release of the property as it was sold. A contract was accordingly drawn up by defendant and signed by it and by Serwe and wife. This was submitted to the owner, Mabel H. Huggins, of Tacoma, who after several ineffectual attempts to induce her to sign were made, refused to do so. Another contract was drawn by Serwe's attorney. This the parties believed would meet her approval. It provided for certain measures of protection not found in the first contract. This she also refused to sign. Pending these negotiations, and because defendants were real estate agents who were desirous of taking advantage of the summer season, a certain form of contract of sale was drawn up and printed. Serwe and his wife signed twenty-nine of these forms executed in blank, to be delivered to intending purchasers, but as they contend, and the court found, not until some satisfactory arrangement had been made with the owner or title had passed to them. Defendants' agent, Mr. Green, who had charge of this particular transaction, caused a number of these contracts to be filled out and delivered to prospective purchasers, most of them employees in the office of the defendant. One of them was made out and delivered to the plaintiff in this case. The contracts were executed in triplicate.

Serwe was unable to meet the options of his contract with Mabel H. Huggins and brought into the transaction a third party, one Murphy, who supplied the money and took title to a part of the land. All of the contract holders have been

disposed of except plaintiff, who has brought suit against defendant to recover the amount paid by him.

Pending the transaction between Murphy and Serwe, and at a time when the parties were mutually negotiating with reference to clearing the title of the contracts which had been recorded, defendant took its copy of the Smith contract and put it on record. The court found, and there is testimony to sustain the finding, that in these negotiations the defendant, who had received and held all of the money that had been paid by Smith, promised to pay it back to him. We think there is a sufficient consideration to support this promise. Appellant was the agent of Serwe; it had collected all payments upon the Smith contract and held the fund. The dispute between the parties was as to whether defendant had authority to fill out and deliver the contracts which had been signed in blank. The court found that it had not. It was therefore liable to Serwe as for a breach of its trust, and the compromise of their mutual dealings is a sufficient consideration for the promise of the agent to pay a demand which Serwe might have otherwise been required to pay in the first instance.

"An agent who assumes to act for a principal whom he has no authority to represent is liable to a third party who is misled to his prejudice by the agent's acts." *McReavy v. Eshelman*, 4 Wash. 757, 31 Pac. 35.

The testimony to sustain the promise was admitted without objection; no exceptions were saved and the promise inheres in the judgment.

It is contended that this is really a case between Serwe and the appellant, and that inasmuch as statements were rendered from time to time which show these contracts, that there can be no recovery. We think the record will hardly sustain the contention that the interest of Serwe and Smith are identical, nor is it sufficiently clear that the statements were received without objection by Serwe. In fact, he utterly

contradicts appellant's testimony. He testified that objection was made immediately upon finding out that defendants were dealing with the property; that he was assured that the contracts which had been issued were tentative contracts and would be of no force or effect unless an arrangement was made with the owner so that the property might be sold. The lower court found against the appellant upon all of the material issues of fact. We have examined the testimony and are not prepared to say that his findings are not sustained by a preponderance of the evidence.

We find that the sale was made without authority, and appellant is liable to respondent for the amount collected on the contract.

Other questions are raised, but upon this view of the case, they become immaterial.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and PARKER, JJ., concur.